

ENTERED
05/05/2014

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                            )
XENON ANESTHESIA                 )   CASE NO. 13-37697-H3-7
OF TEXAS, PLLC,                  )
                                 )
         Debtor                  )
```

## MEMORANDUM OPINION

The court heard the "Motion of Xenon Health LLC and Haroon Chaudhry, M.D. for Relief from Automatic Stay Regarding State Court Proceedings" (Docket No. 17) filed by Xenon Health LLC ("Xenon") and Harooon Chaudhry ("Chaudhry"), Movants, and after consideration of the Response in Opposition (Docket No. 20) filed by Xenon Anesthesia of Texas, PLLC ("Xenon Texas"), Debtor, the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law.[1]  The court will enter a separate Judgment lifting the automatic stay to allow Movants to proceed against Mujtaba Ali Khan ("Ali Khan") in connection with its motion for criminal contempt pending in the 284th Judicial District Court, Montgomery County, Texas under Cause No. 12-01-00014-CV.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law

---

[1] The chapter 7 Trustee also filed a Response (Docket No. 21) to the Motion for Relief.  Movants and the Trustee entered into an Agreed Order which resolved the issues between them.  Docket No. 25.

herein are construed to be Findings of Fact, they are hereby adopted as such.

## Findings of Fact

Movants and Debtor stipulated to the admission of Movants' Exhibits 1 through 8. No witnesses were called to testify. Counsel for Movants and the Debtor presented legal argument to the court.

On December 13, 2013, Xenon Texas, Debtor, filed a voluntary bankruptcy petition under Chapter 7 (Docket No. 1). Prior to the bankruptcy filing, on January 3, 2012, Movants filed a state court suit, Cause No. 12-01-00014-CV, styled "*Xenon Health LLC and Haroon Chaudhry, M.D., Plaintiffs v. Xenon Anesthesia of Texas PLLC and Mujtaba Ali Khan, D.O., Defendants,*" which is currently pending in the 284th Judicial District Court, Montgomery County, Texas. In the state court suit, Movants assert causes of action for breach of contract and tortious interference with business relationships against Debtor and Ali Khan. Counterclaims were filed by Debtor and Ali Khan alleging fraud and a violation of the Texas Deceptive Trade Practices Act. Movants' Exhibit Nos. 1 and 2.

On November 7, 2012, the state court entered a temporary injunction against Debtor and Ali Khan. Movants' Exhibit No. 3. On November 20, 2013, Movants filed a motion for contempt against Ali Khan for violating certain provisions of the temporary

injunction order.  The state court issued an order requiring Ali Khan to appear and show cause why he should not be held in criminal contempt.  Movants' Exhibit No. 6.  The hearing on the Movant's motion for contempt and the state court's show cause order is currently set for hearing on June 12, 2014.

After Debtor filed bankruptcy, Movants filed a motion to sever Chaudhry's breach of contract claims against Ali Khan from the other claims pending in the state court case.  On January 30, 2014, the state court granted the motion and the severed claims of Chaudhry against Ali Khan was assigned Cause No. 14-03-02507 and is also pending in the 284th District Court, Montgomery County, Texas.  Movants' Exhibit Nos. 7 and 8.

Movants filed the instant Motion for Relief from Stay, initially seeking to have this court declare that the automatic stay does not apply to civil proceedings or to any criminal contempt proceedings which are pending or may be commenced against Ali Khan and to lift the stay for cause to proceed against the Debtor in the state court case.  Docket No. 17.  An Agreed Order, approved by this court on May 1, 2014, was entered into between the Movants and the Chapter 7 Trustee and was signed by counsel Movants, counsel for the Chapter 7 Trustee, and counsel for the Debtor.  Docket No. 25.

The Agreed Order partially resolves the instant motion for relief from stay.  It provides that the automatic stay does not

apply to the civil claim for breach of contract by Chaudhry against Ali Khan or to Ali Khan's Motion for New Trial and/or Motion to Dismiss which is pending, or to be filed in the future, in Cause No. 14-03-02507.  The Movants withdrew, without prejudice, their request to lift the automatic stay as to the Debtor's estate and the Agreed Order provides that the automatic stay remains in force against the Debtor's estate until further order of this court.

The remaining matter before this court is Movants' request to lift the automatic stay to allow them to proceed against Ali Khan, individually, in connection with their motion for criminal contempt pending in the 284th Judicial District Court, Montgomery County, Texas under Cause No. 12-01-00014-CV.  Movants argue that the automatic stay does not apply to Ali Khan because he is not a Debtor.  In the event the automatic stay is applicable to Ali Khan, section 362(b)(1) excepts from the automatic stay the commencement or continuation of a criminal action or proceeding.  Alternatively, Movants contend that cause exists to lift the automatic stay.

Debtor opposes the requested relief and contends that the automatic stay is applicable to Ali Khan as a non-bankrupt codefendant because any judgment against Ali Khan would in effect be a judgment against the Debtor in light of the fact that Ali Khan was the sole shareholder of the Debtor.  Debtor also argues that the criminal contempt proceeding relates to Ali Khan's use and

expenditure of the Debtor's funds which is a cause of action that belongs solely to the chapter 7 Trustee.

The court finds that the automatic stay does not extend to Ali Khan in the instant case. Ali Khan is not a debtor in bankruptcy although he claims to have an interest in the Debtor and to be its managing member. Debtor is a legal entity separate from its members. Movants do not seek to recover any money or property from the Debtor or the bankruptcy estate. Movants do not seek to compel Ali Khan to pay money back to the Debtor's bankruptcy estate or to turnover property belonging to the bankruptcy estate. These causes of action belong to the chapter 7 Trustee. The court finds that proceeding with the criminal contempt motion does not interfere with the administration of the Debtor's bankruptcy estate or have an impact on any property of the estate. Movants solely seek to pursue their motion to hold Ali Khan in criminal contempt for failure to abide by the state court's injunction order.

The court finds that the Debtor has failed to establish that assets of the bankruptcy estate would be at risk in allowing the state court to proceed with its criminal contempt hearing against Ali Khan. Further, there has been no evidence that the Debtor, a legal entity, is the real party in interest and that the identities of Debtor and Ali Khan are such that a finding of criminal contempt would, in essence, affect the Debtor or property of the bankruptcy estate.

Assuming, in the alternative, that the automatic stay did apply to Ali Khan[2], the court finds that section 362(b)(1) would prevent the stay from going into effect. Section 362(b)(1) provides that the filing of a bankruptcy petition does not operate as a stay of the commencement or continuation of a criminal action or proceeding against the debtor.

Notwithstanding the above findings of the court, in the event that the automatic stay was in effect and applied to Ali Khan, the court alternatively makes the following findings of fact. The court finds that sufficient cause exists to lift the automatic stay to allow Movants to proceed in the state court to prosecute their motion for criminal contempt. The state court has been involved in the litigation between these parties since its inception more than two years ago. The state court case has been set for trial twice and both sides are ready to proceed to have the matter resolved. The state court is familiar with the causes of action alleged, the parties involved, and the facts of the state court litigation. The state court has rendered numerous rulings and orders in connection with the state court litigation. The state court is entitled to consummate the exercise of its inherent power to punish a contemnor for improper past acts that affronted the state court's dignity and authority.

---

[2] If the automatic stay were applicable to Ali Khan, he would have no greater rights than those of a debtor protected by the automatic stay.

The court finds that lifting the stay does not interfere with the administration of the Debtor's bankruptcy estate or have an impact on any property of the estate. It does not result in prejudice to the Debtor or the estate. It does not compromise the chapter 7 Trustee's powers or his pursuit of any causes of action, under chapter 5 of the Bankruptcy Code, for the turnover of estate property or the avoidance of transfers of estate property.

Conclusions of Law

Section 362 of the Bankruptcy Code states that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301 302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

>    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>
>    (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
>
>    (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning an individual debtor's tax liability for a taxable period ending before the order for relief under this title.

The automatic stay imposed pursuant to section 362(a) of the Bankruptcy Code relates to actions against the debtor. *See In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983); *Beran v. World Telemetry, Inc.*, 747 F.Supp.2d 719, 722 (S.D. Tex. 2010). It does not apply to actions against a non-debtor except in situations where assets of the bankruptcy estate would be at risk in allowing a court proceeding to continue against a codefendant. *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.*, 817 F.2d 11422, 1147-1150 (5th Cir. 1987); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986).

Section 362(g) provides that the party requesting relief has the burden of proof on the issue of the debtor's equity, and the party opposing relief has the burden of proof on all other issues. The burden of proof to show that the automatic stay is

applicable to a non-debtor is on the party invoking the stay. *See Beran*, 747 F.Supp.2d at 722-23.

In order to invoke the automatic stay as to actions against a non-debtor, the party seeking to do so must show that there is such identity between the debtor and the non-debtor that the debtor may be said to be the real party defendant and that a judgment against the non-debtor will in effect be a judgment or findings against the debtor. *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 717 (5th Cir. 1985); *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

Section 362(b)(1) provides that the filing of a bankruptcy petition does not operate as a stay of the commencement or continuation of a criminal action or proceeding against the debtor. A criminal contempt proceeding falls within the parameters of section 362(b)(1). *See In re Allison*, 182 B.R. 881 (Bankr.N.D.Ala. 1995); *In re Kearns*, 168 B.R. 423 (D.Kan.1994); *In re Roussin*, 97 B.R. 130 (D.N.H. 1989); *In re Anoai*, 61 B.R. 918 (Bankr. D. Conn., 1986).

Section 362(d)(1) provides for lifting of stay for cause. The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis. Allowing a matter to proceed in another forum may constitute cause. *In re Murray Industries, Inc.*, 121 B.R. 635

(Bankr. M.D. Fla. 1990).  The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case.  *In re Atlantic Ambulance Associate, Inc.*, 166 B.R. 613 (Bankr. E.D.Va. 1994).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed in another forum, bankruptcy courts have considered the following factors: 1) whether the relief will result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves Debtor as a fiduciary; 4) whether a specialized tribunal has been established to hear the particular cause of action; 5) whether the debtor's insurer has assumed full responsibility; 6) whether the action primarily involves third parties; 7) whether litigation in the other forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether movant's success would result in a judicial lien avoidable by the debtor; 10) interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the proceedings have progressed to the point that parties are ready for trial; and 12) impact of the stay on the parties and the balance of harm.  *See In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir. 1990); *In re United States Brass Corp.*, 176 B.R. 11, 13

(Bankr. E.D. Tex. 1994); *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

Not all factors may be relevant to each case.  Further, the decision to lift the stay may be upheld on judicial economy grounds alone.  *See In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing *In re Kemble*, 776 F.2d 802, 907 (9th Cir. 1985).

Based on the foregoing, the court will enter a separate Judgment lifting the stay to allow the Movants to proceed against Mujtaba Ali Khan ("Ali Khan") in connection with their motion for criminal contempt pending in the 284th Judicial District Court, Montgomery County, Texas under Cause No. 12-01-00014-CV.

Signed at Houston, Texas on this 5th day of May, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE