

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/03/2016

| | |
|---|---|
| IN RE | |
| XENON ANESTHESIA OF TEXAS, PLLC, | CASE NO. 13-37697-H3-7 |
| Debtor, | |
| MUJTABA ALI KHAN, | |
| Plaintiff, | |
| v. | ADV. NO. 16-3010 |
| XENON HEALTH, LLC, | |
| Defendant. | |

MEMORANDUM OPINION

The court has considered the "Order to Show Cause" (Docket No. 3, Adv. No. 16-3010), and "Mujtaba Ali Khan's, a Party in Interest, Motion for Leave to File Under Seal Documents Related His [sic] Objection to Proof of Claim Filed by Xenon Health, LLC" (Docket No. 6, Adv. No. 16-3010; Docket No. 62, Case No. 13-37697-H3-7). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Xenon Anesthesia of Texas, PLLC ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 13, 2013. Mujtaba Ali Khan ("Khan") signed the Chapter 7 petition as the Sole Managing Member of Debtor.

In the instant adversary proceeding, Khan objects to the proof of claim filed by Xenon Health, LLC. Khan asserts generally that "the contract(s) upon which the Claimant basis [sic] its claim have been declared all void and of no force or effect in *Xenon Health, LLC and Haroon W. Chaudhry, M.D. vs Mirza Baig*; Civil Action NO. 4-13-CV-1828 in the Southern District of Texas Houston, Division [sic]." (Docket No. 1, Adv. No. 16-3010).[1]

Khan filed the complaint in the instant adversary proceeding under seal, on grounds the District Court, in Baig, allowed the filing under seal of a motion for summary judgment and associated memorandum. The filing of the motion for summary judgment under seal in the Baig case followed the court's entry of a "Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material" (Docket No. 63, C.A. No. 4:13-cv-01828).[2]

---

[1] The court will refer to the District Court action as "Baig."

[2] The court notes that, although styled as an order, and docketed by the District Court as an order, the "Stipulated

2

This court entered an order to show cause (Docket No. 3, Adv. No. 16-3010), in light of Plaintiff's failure to comply with the requirements of the "Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts," that the proponent file a separate unsealed motion to seal.  The hearing on the order to show cause was initially set for January 26, 2016, and subsequently was continued to February 2, 2016.

On January 24, 2016, Plaintiff filed, in the Chapter 7 case, the instant motion for leave to file the documents under seal.  (Docket No. 62, Case No. 13-37697-H3-7).  The instant, identical, motion was filed, sealed, in Adv. No. 16-3010, on January 26, 2016.  (Docket No. 6, Adv. No. 16-3010).  Both motions were set for hearing on January 26, 2016, and subsequently were continued to a hearing on February 2, 2016.

At the hearing on the instant motions and the court's order to show cause on February 2, 2016, Khan (who filed the sealed documents) asserted that the documents should not be sealed.  Counsel for Khan asserted that he filed the documents under seal in order to ensure that he was not in violation of the District Court's order.  Defendant agrees that the documents

---

Order" lacks the signature of a judge, or any indicia that it has been entered by the court.  The purported order recites that its terms are governed by Rule 26(c) of the Federal Rules of Civil Procedure.

should not remain under seal.  Neither side cites any authority for the proposition that the documents should be sealed, other than the fact of the unsigned "Stipulated Order" and the filing under seal of two documents in the District Court.

## Conclusions of Law

Rule 26(c) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7026, provides in pertinent part:

> (c) Protective Orders.
>
> > (1) In General.  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> >
> > > (A) forbidding the disclosure or discovery;
> > > (B) specifying terms, including time and place, for the disclosure or discovery;
> > > (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> > > (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> > > (E) designating the persons who may be present while the discovery is conducted;
> > > (F) requiring that a deposition be sealed and opened only on court order;
> > > (G) requiring that a trade secret or other confidential research, development, or

>> commercial information not be revealed or be
>> revealed only in a specified way; and
>> (H) requiring that the parties simultaneously
>> file specified documents or information in
>> sealed envelopes, to be opened as the court
>> directs.

Rule 26(c), Fed. R. Civ. P.

Section 107 of the Bankruptcy Code provides in pertinent part:

>> (a) Except as provided in subsections (b) and (c) and
>> subject to section 112, a paper filed in a case under
>> this title and the dockets of a bankruptcy court are
>> public records and open to examination by an entity at
>> reasonable times without charge.
>>
>> (b) On request of a party in interest, the bankruptcy
>> court shall, and on the bankruptcy court's own motion,
>> the bankruptcy court may—
>>
>>> (1) protect an entity with respect to a trade
>>> secret or confidential research, development, or
>>> commercial information; or
>>> (2) protect a person with respect to scandalous or
>>> defamatory matter contained in a paper filed in a
>>> case under this title.

11 U.S.C. § 107.

Section 107 is implemented through Bankruptcy Rule 9018, which provides:

>> On motion or on its own initiative, with or without
>> notice, the court may make any order which justice
>> requires (1) to protect the estate or any entity in
>> respect of a trade secret or other confidential
>> research, development, or commercial information, (2)
>> to protect any entity against scandalous or defamatory
>> matter contained in any paper filed in a case under the
>> Code, or (3) to protect governmental matters that are
>> made confidential by statute or regulation.  If an
>> order is entered under this rule without notice, any
>> entity affected thereby may move to vacate or modify
>> the order, and after a hearing on notice the court

5

shall determine the motion.

Rule 9018, Fed. R. Bankr. P.

In the instant motions, Khan does not assert the existence of any trade secret, confidential research, development, or commercial information, or scandalous or defamatory matter, with respect to any of the parties to the instant adversary proceeding.  There has been no showing of cause for entry of a protective order in the instant adversary proceeding.  The court concludes that the instant motions should be denied, and that Adversary No. 16-3010 should be unsealed, pursuant to this court's "Order to Show Cause" (Docket No. 3, Adv. No. 16-3010).

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on February 3, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE